```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DARRYLL HERBERT                  :
                                 :
      vs.                        :  Civil Action No. 11-1943
                                 :
KEVIN CREELY, et al.             :
```

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Plaintiff, Darryll Herbert, by and through the undersigned counsel, hereby submit the following Pretrial Memorandum pursuant to Rule 16.1(c) of the Local Rules of Civil Procedure. Plaintiff reserves the right to amend and/or supplement this Pretrial Memorandum prior to trial.

## I.   STATEMENT OF THE NATURE OF THE CASE AND JURISDICTION

This action involves a claim under 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments of the United States Constitution as well as pendent state law claims for assault, battery and intentional infliction of emotional distress. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

## II. STATEMENT OF FACTS

On May 24, 2010, at about 4:50 p.m, Plaintiff, Darryll Herbert, was standing on the sidewalk outside his home at 2971 Frankford Avenue. He saw Defendant Officers Scarpello and Creely going from door to door on Frankford Avenue. As the Officers were about to knock on Mr. Herbert's door, Officer Creely asked who lives there. Mr. Herbert replied that he lived there. Officer Creely then asked Mr. Herbert for his name. Mr. Herbert replied that he did not do anything wrong and declined to give Officer Creely his name. Officer Creely became irritated that Mr. Herbert would not give him his name and walked over to Mr. Herbert. He then asked him why there was a swing on the roof. Mr. Herbert replied that he put it there.

Suddenly and without warning, Officer Creely, agitated by Mr. Herbert's responses, violently grabbed Mr. Herbert and swung his body around, forcing Mr. Herbert's right arm behind his back. Officer Creely then handcuffed Mr. Herbert's right wrist behind his back and shoved Mr. Herbert towards a metal gate in front of the variety store located next door to 2971 Frankford Avenue. Mr. Herbert cooperated and did not resist Officer Creely.

Mr. Herbert was then taken into the variety store where Officer Creely began hitting Mr. Herbert with his baton multiple times on his right knee while Officer Scarpello had Mr. Herbert

in a chokehold. Then Officer Scarpello let go of Mr. Herbert and Officer Creely backed up to pull out his taser gun. Without providing any warning or announcing that he was going to use his taser, Officer Creely tased Mr. Herbert in probe mode in the stomach and chest area. As a result of the taser shock, Mr. Herbert was incapacitated and fell to the floor.

Mr. Herbert was then handcuffed and transported to the emergency room at Temple University Hospital for the removal of the taser prongs from his skin and for the treatment of the puncture wounds left by the taser prong. After the taser prong was removed, Mr. Herbert was taken to the police district for processing. Mr. Herbert was released the following morning.

Throughout the above described encounter, Mr. Herbert never resisted the Defendant Officers or posed as a threat to the safety of the Defendant Officers. At no point did the Defendant Officers tell Mr. Herbert that they were investigating a child in the swing on his roof nor did they explain to Mr. Herbert why they were asking about the swing on his roof.

### III. **DAMAGES**

1. Violations of civil rights: amount to be quantified by the jury;
2. Pain and suffering: amount to be quantified by the jury;

3. Emotional distress: amount to be quantified by the jury; and

4. Medical expenses: plaintiff has incurred approximately $4,023.00 for out-of-pocket medical expenses.

## IV. WITNESS LIST

### A. Witnesses as to Liability:

1. Plaintiff, Darryll Herbert
2. Defendant Police Officer Kevin Creely
3. Defendant Police Officer Robert Scarpello
4. Carlton Page
5. Stephanie Jordan
6. Clarence Harding
7. Elizabeth Caez
8. Gloria Page

### B. Witnesses as to Damages:

1. Plaintiff, Darryll Herbert
2. Dr. David Craven, D.C.
   Healthbridge Chiropractic & Rehabilitation
   1216 East Hunting Park Avenue
   Philadelphia, PA 19124

## V. SCHEDULE OF PLAINTIFF'S EXHIBITS

Exhibit 1: Color Photographs of scene of the incident, the 2900 block of Frankford Avenue

Exhibit 2: Incident Report (Form 75-48), D.C. No. 10-24-44017

Exhibit 3: Incident Report (Form 75-48), D.C. No. 10-24-44042

Exhibit 4: Incident Report (Form 75-48), D.C. No. 10-24-44025

Exhibit 5: Philadelphia Police Department Use of Force Report filed by Police Officer Robert Scarpello, DC No. 10-24-044042, dated May 24, 2010

Exhibit 6: Philadelphia Police Department Use of Force Report filed by Police Officer Kevin Creely, DC No. 10-24-044042, dated May 24, 2010

Exhibit 7: Deposition Transcript of Plaintiff, Darryll Herbert

Exhibit 8: Deposition Transcript of Police Officer Kevin Creely

Exhibit 9: Deposition Transcript of Police Officer Robert Scarpello

Exhibit 10: Emergency Room Treatment Records from Temple University Hospital for date of service 5/24/2010

Exhibit 11: Emergency Room Bill from Temple University Hospital in the amount of $1,373.00 for date of service 5/24/2010

Exhibit 12: Medical Records from Health Bridge Chiropractic

Exhibit 13: Bill from Health Bridge Management in the amount of $1,550.00

Exhibit 14: Medical Records from Stat Imaging of Aramingo dated 6/21/2010

Exhibit 15: Bill from Stat Imaging of Aramingo in the amount of $1,100.00

Exhibit 16: Biographical Information Report for Darryll Herbert, DC No. 44025

Exhibit 17: Police Officer Kevin Creely and Police Officer Robert Scarpello's Patrol Activity Log for May 24, 2010

Exhibit 18: Training History for Police Officer Kevin Creely

Exhibit 19: Training History for Police Officer Robert Scarpello

Exhibit 20: Philadelphia Police Use of Force Directive 22

Exhibit 21: Concise Officer History for Robert Scarpello

Exhibit 22: Concise Officer History for Kevin Creely

Exhibit 23: Witness statement for Clarence Harding

Exhibit 24: Curriculum Vitae of Dr. David Craven, D.C.

Exhibit 25: Deposition Transcript of Dr. David Craven, D.C.

Counsel reserves the right to amend this list should supplemental information become available or relevant. Counsel reserves the right to introduce in evidence any relevant documents or materials to the extent that such documents may become relevant at trial as substantive evidence or for the impeachment or rehabilitation of a witness.

## VI. ESTIMATED LENGTH OF TRIAL

It is estimated that the trial of this matter will take three (3) days.

## VII. LEGAL ISSUES

There are no unusual legal issues, stipulations, or amendments of pleadings which are anticipated.

Respectfully Submitted,

PATRICK G. GECKLE, LLC

BY: /s/ Maureen O'Connor

Maureen O'Connor, Esquire
Id. No.: 208781
1845 Walnut Street, Suite 2300
Philadelphia, PA 19103
(215) 735-3326
Email: moconnor@pgglaw.com
Counsel for Plaintiff