IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRYLL HERBERT                         :
                                        :CIVIL ACTION NO.:  11-1943
                                        :
     v.                                 :
                                        :
POLICE OFFICER KEVIN CREELY, et al.:

**PLAINTIFF'S TRIAL BRIEF ON LEGAL ISSUES**

I. **Use of Force During an Arrest**

In Graham v. Connor, 490 U.S. 386 (1989), the Supreme Court held that use of excessive force during an arrest, an investigatory stop, or any other "seizure" of a person at liberty is judged by Fourth Amendment standards.  A police officer's use of force is "contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness." Saucier v. Katz, 533 U.S. 194, 202 (2001).

Determining whether the use of force used in a given instance is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the suspect's Fourth Amendment interests against the countervailing governmental interest at stake.  Noting that there was no precise definition or mechanical application possible for this test of reasonableness, the Court required "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue,

whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. The Third Circuit has identified other relevant factors as being the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time. See Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997).

It follows from the balancing test that is outlined above, that in some circumstances no use of force is permitted because none is required. Reese v. Herbert, 527 F.3d 1253, 1272 (11th Cir. 2008). If a police officer is liable for the use of excessive force, he will be liable for all injuries that are proximately caused by the force. Figueroa-Torres v. Toledo-Davila, 232 F.3d 270 (1st Cir. 2000).

## II. First Amendment Retaliation Claim

Darryll Herbert claims that he engaged in constitutionally protected speech, and that defendant officers retaliated against him by using excessive force. A claim for retaliation under the First Amendment requires Mr. Herbert to prove 1) that he engaged in constitutionally protected speech; 2) defendants responded

with retaliatory action sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights; and 3) that there was a causal link between Mr. Herbert's constitutionally protected speech and the defendant police officers' retaliatory action. Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d. Cir. 2004).

In regards to the first element, it is observed by the Courts in this Circuit that all speech is protected by the First Amendment except for a few narrow categories such as obscenity, "fighting words", and libel. "Fighting words" is construed more narrowly when the words are directed at police officers. This is because a police officer is expected to have a higher degree of restraint than an average citizen; and thus be less likely to respond belligerently to "fighting words." Eichenlaub, 385 F.3d at 282-83.

Also the Supreme Court of the United States has recognized the First Amendment protects citizens from punishment for a wide range of speech criticizing and challenging police officers unless such speech presents a "clear and present danger of serious substantive evil that rises far above public inconvenience, annoyance, or unrest." City of Houston v. Hill, 482 U.S. 451, 461 (1987).

## III.    State Law Intentional Tort Claims

Under Pennsylvania law, in order for a defendant to be held responsible for an assault, plaintiff must prove 1) that the defendant intended to put the plaintiff in a reasonable and immediate fear of a harmful or offensive contact with his body and 2) that the plaintiff as a result of the defendant's act was put in a reasonable and immediate fear of such contact.  See Pennsylvania Suggested Standard Civil Jury Instruction 17.10

In order to establish a battery the plaintiff must prove 1) that the defendant intended to cause a harmful or offensive contact with the body of the plaintiff or that the defendant intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with his body and 2) that defendant's act directly or indirectly resulted in a harmful or offensive contact with the plaintiff's body.  See Pennsylvania Suggested Standard Civil Jury Instruction 17.20.

If a defendant conducts himself or herself in an extreme and outrageous manner and that conduct intentionally or recklessly caused severe emotional distress to the plaintiff, the plaintiff may be compensated for this injury.  Extreme and outrageous conduct is that which goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.  See Pennsylvania Suggested Standard Civil Jury Instruction 17.40.

Respectfully Submitted,

PATRICK G. GECKLE, LLC

BY: _____
Maureen O'Connor, Esquire
Id. No.:208781
1845 Walnut Street, Suite 2300
Philadelphia, PA 19103
(215) 735-3326
Email: moconnor@pgglaw.com
Counsel for Plaintiff