IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYLL HERBERT,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **POLICE OFFICER KEVIN CREELY, et al.** | : | NO.   11-CV-1943 |
| Defendants. | : | |

# ORDER

**AND NOW** this _____ day of _____ 2012, upon consideration of Defendants' Motion in Limine to preclude evidence of prior Internal Affairs Investigations of the defendants, defendants' training records and defendant Police Officer Kevin Creely's involvement in a prior civil lawsuit, it is hereby **ORDERED** and **DECREED** that the Defendants' motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff is precluded at the trial of this matter from offering into evidence, or otherwise inquiring into on direct or cross-examination of any witnesses, any matter relating to prior Internal Affairs Investigations of defendants, defendants' training records and PO Creely's prior involvement in a civil lawsuit.

BY THE COURT:

_____
The Honorable Anita B. Brody
United Sates District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYLL HERBERT,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **POLICE OFFICER KEVIN CREELY, et al.** : | NO.   11-CV-1943 |
| Defendants. : | |

**MOTION IN LIMINE OF DEFENDANTS
POLICE OFFICER KEVIN CREELY and
POLICE OFFICER ROBERT SCARPELLO**

Defendants, Police Officer Kevin Creely and Police Officer Robert Scarpello, by and through their undersigned counsel, move this Honorable Court for the entry of an order precluding the admission of any evidence or argument referring or relating to prior Internal Affairs Investigations, defendants' training records and PO Creely's involvement in a prior civil lawsuit. In support of their motion, defendants incorporate by reference their Memorandum of Law filed contemporaneously herewith.

Respectfully submitted,

MMF 5018

Dated: April 23, 2012    MARGARET M. FENERTY
Senior Attorney
City of Philadelphia, Law Department
1515 Arch Street, 14th Floor
Philadelphia, Pennsylvania 19102
(215) 683-5391 (tel)
(215) 683-3597 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYLL HERBERT,** : | | **CIVIL ACTION** |
| **Plaintiff,** : | | |
| : | | |
| **v.** : | | |
| : | | |
| **POLICE OFFICER KEVIN CREELY, et al.** : | | **NO.   11-CV-1943** |
| **Defendants.** : | | |

MOTION IN LIMINE OF DEFENDANTS
POLICE OFFICER KEVIN CREELY and
POLICE OFFICER ROBERT SCARPELLO

**I.    INTRODUCTION**

Defendants, through their undersigned counsel, move this Honorable Court for the entry of an order precluding the introduction and/or admission of evidence relating to prior Internal Affairs Investigations of the defendants, defendants' training records and defendant Police Officer Kevin Creely's involvement in a prior civil lawsuit for the reasons stated below:

**II.    FACTS**

Plaintiff alleges violations of his Federal Civil Rights under the 1st, 4th and 14th Amendments and pendant state common law claims for assault and battery and the intentional infliction of emotional distress.  Specifically, Darryll Herbert alleges that on May 24, 2010, at around 5:00 pm, PO Scarpello used excessive force by striking plaintiff on the knee with an asp, and PO Creely used excessive force by tasering plaintiff during his arrest.

In discovery, plaintiff's attorney requested from the defendants any and all records relating to Philadelphia Police Department Internal Affairs Division (hereinafter, "IAD") and Police Board of Inquiry (hereinafter, "PBI") investigations of alleged misconduct concerning the defendant police officers. Counsel also requested all training records of each defendant officer.

In addition, during the depositions of defendants, counsel for plaintiff inquired into defendant's involvement in prior civil lawsuits. PO Creely testified that he has been sued in his capacity as a police officer and that he gave a deposition in that lawsuit. Pursuant to plaintiff's counsel's request, the undersigned provided the court term and number of this lawsuit.

At the conclusion of discovery, plaintiff stipulated to dismiss his claim under Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978).

Plaintiff has included in his Trial Exhibits the defendants' concise officer histories, which contain information about their Internal Affairs Investigations, and their training records. See Plaintiff's Pretrial Memorandum Section V Schedule of Exhibits, Exhibit #18 (training history of PO Creely), #19 (training history of PO Scarpello), #21 (concise officer history of PO Scarpello) and #22 (concise officer history of PO Creely).

It is anticipated that Plaintiff will ask questions at trial about the defendants' IAD investigations and training records, and Officer Creely's involvement in a prior civil lawsuit. Any IAD records or testimony concerning other allegations and other alleged incidents of misconduct and a prior lawsuit are not admissible as evidence that defendants violated plaintiff's civil rights on May 24, 2012. Therefore, defendants seek

to preclude the admission of this evidence as irrelevant to the instant matter and prejudicial to defendants' case.

### III.   LEGAL ARGUMENT

#### A.   EVIDENCE OF IAD INVESTIGATIONS, TRAINING RECORDS AND A PRIOR LAWSUIT IS PROHIBITED BY FED. R. EVID. 404, FED. R. EVID. 401, AND FED. R. EVID. 403.

Evidence of defendants' IAD investigations must be barred because plaintiff is not permitted to introduce evidence of past conduct to show that the conduct alleged in this matter is consistent therewith and because said evidence is irrelevant and unfairly prejudicial.  The Federal Rules of Evidence "generally prohibit the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." Huddleston v. United States, 485 U.S. 681, 685 (1988) (citing Fed. R. Evid. 404(b)).

Applying this principle, courts consistently hold that in a § 1983 action alleging police misconduct, plaintiff may not introduce evidence that the defendant police officer allegedly engaged in other acts of misconduct. See, e.g., Ricketts v. City of Hartford, 74 F.3d 1397, 1414-15 (2d Cir. 1996); Hopson v. Fredericksen, 961 F.2d 1374, 1379 (8th Cir. 1992); Berkovich v. Hicks, 922 F.2d 1018, 1022-23 (2d Cir. 1991); King v. Macri, 800 F. Supp. 1157, 1161-62 (S.D.N.Y. 1992); Wallace v. Hano, 1992 U.S. Dist. LEXIS 13388, *5-8 (S.D.N.Y. 1992); see also United States v. Booker, 1997 U.S. Dist. LEXIS

5928 (E.D. Pa. 1997) (prohibiting criminal defendant from introducing evidence concerning alleged misconduct by arresting police officer).

Plaintiff in this matter must be prohibited from introducing any evidence relating to Internal Affairs Division investigations of the defendants and PO Creely's involvement in a prior lawsuit as such evidence is barred under Fed. R. Evid. 404, Fed. R. Evid. 401, and Fed. R. Evid. 403 because it is irrelevant, unfairly prejudicial, and would be introduced by plaintiff for the unlawful purpose of showing that the defendants' alleged conduct in this matter conforms with alleged prior misconduct.

### (1).   FED. R. EVID. 404:  IMPERMISSIBLE CHARACTER EVIDENCE

Under Federal Rules of Evidence, litigants are prohibited from introducing evidence of the prior bad acts of a witness in order to establish that the witness has acted in accordance with those acts in the alleged conduct in the trial where he is a witness. Fed. R. Evid. 404 provides as follows:

> (a)   "Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion…
>
> (b)   …. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…"

In the instant matter, the IAD investigations listed in the defendants' concise officer histories detail prior acts by them that plaintiff would introduce either for the explicitly prohibited purpose of showing that defendants acted in conformity with those

acts on May 24, 2010, or for the purpose of simply casting them in a negative light.  This is precisely the kind of evidence that is contemplated in the Rule 404 prohibition.

### (2).  FED. R. EVID. 401 AND 403: ONLY RELEVANT EVIDENCE, WHOSE PROBATIVE VALUE IS NOT OUTWEIGHED BY POTENTIAL FOR PREJUDICE, IS ADMISSIBLE.

Under the Federal Rules of Evidence, litigants are prohibited from introducing evidence that is not relevant in the matter being litigated. Specifically, Fed. R. Evid. 401 provides as follows:

> "Relevant evidence means evidence having any tendency to make the existence of a fact of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Accordingly, evidence is relevant only if it has any tendency to establish a proposition or fact that is material to the lawsuit.  Under Rule 401, testimony which fails to prove or disprove any material fact at issue is irrelevant.  Brancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992).

In the instant case, evidence of defendants' IAD investigations should be barred because it is irrelevant.  As discussed above, evidence is not admissible where it will not aid the jury in making a material factual determination.  The concise officer histories which contain information about prior IAD investigations do not touch on the issues to be decided in this matter because the subjects of those histories do not relate to whether the defendants used excessive force against plaintiff during the incident on May 24, 2010.

Moreover, plaintiff withdrew his Monell claim, therefore evidence of training records should not be admitted because the adequacy of the defendants' training is no longer an issue in this case and the defendants' training records are irrelevant.

Even if this evidence were deemed relevant, not all relevant material is admissible. Fed. R. Evid. 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Assuming evidence has probative value pursuant to Rule 401, it will only be admissible so long as its probative value is not substantially outweighed by the negative repercussions of the admitted evidence, as described in Rule 403. Consequently, evidence that is admissible may be excluded when its probative value is minimal in comparison to its potential for prejudice. Government of the Virgin Islands v. Felix, 569 F.2d 1274, 1280 (3d Cir. 1978) (citing Fed. R. of Evid. 403).

It is clear that the introduction of evidence of prior allegations of bad acts in this matter would cast the defendant officer in an unfair negative light. The untoward consequence would be that the jurors could decide this case not on the basis of all the evidence presented at trial regarding the parties' actions on May 24, 2010, including the defendants' and plaintiff's demeanor and testimony at trial, but rather on the improper basis of an past incidents of alleged misconduct.

Defendant PO Creely's involvement in a prior civil lawsuit is also irrelevant. Clearly, the fact that PO Creely has been named in a lawsuit wherein no findings of fact have ever been made would be of no assistance to the jury in determining what occurred

on May 24, 2010. Again, the introduction of this evidence could serve no other purpose but to improperly influence the jurors to associate the defendant with unsubstantiated allegations. Evidence of PO Creely's involvement in a prior civil lawsuit is irrelevant, immaterial, and unfairly prejudicial.

## IV.     CONCLUSION

For the foregoing reasons, the defendants respectfully request that this Honorable Court grant their Motion in Limine, and exclude evidence of prior Internal Affairs Investigations of the defendants, defendants' training records and defendant Police Officer Kevin Creely's involvement in a prior civil lawsuit.

Respectfully Submitted:

Dated: April 23, 2012

MMF 5018
MARGARET M. FENERTY
Senior Attorney
City of Philadelphia, Law Department
1515 Arch Street, 14th Floor
Philadelphia, Pennsylvania 19102
(215) 683-5445 (tel)
(215) 683-3597 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYLL HERBERT,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | NO.   11-CV-1943 |
| **Defendants.** | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the Defendants' Motion in Limine to preclude evidence of prior Internal Affairs Investigations of the defendants, defendants' training records and defendant Police Officer Kevin Creely's involvement in a prior civil lawsuit was filed via ECF and is available for viewing and downloading via the ECF system. I further certify that a copy of same will be served upon counsel for the plaintiff, via U.S. Postal service, first class mail postage prepaid, as follows:

        Patrick G. Geckle, Esq..
        1845 Walnut Street, Suite 2300
        Philadelphia, PA  19103
        Attorney for Plaintiff

Dated: April 23, 2012

        /s/ mmf5018
        Margaret M. Fenerty
        Senior Attorney
        Attorney Identification #39409
        City of Philadelphia Law Dept.
        1515 Arch Street, 14th Floor
        Philadelphia, PA 19102
        (215) 683-5391
        (215) 683-5397 (fax)
        margaret.fenerty@phila.gov