**FILED**

MAY 18 2012

Anita B. Brody, Judge
By ⟋⟍⟋⟋⟍⟍⟍ Dep. Clerk

# COURT'S PROPOSED
# JURY INSTRUCTIONS
May 18, 2012

# *Darryll Herbert*
# *v.*
# *Kevin Creely, et al.*

## 11-cv-1943

**Inclusion of All Italicized Instructions Depends Upon the Evidence**

1

## ROLE OF THE COURT AND THE JURY

You have now heard all the evidence and the arguments of counsel.   It thus becomes my duty to give you final instructions on the law that applies to this case.

All of my instructions of law – those given to you at the beginning of the trial, during trial, and these final instructions – must guide and govern your deliberations.  It is your duty as jurors to follow the law as stated in all of my instructions, and to apply these rules of law to the facts as you find them from the evidence received during the trial.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions. Nor are you to be concerned with the wisdom of any rule of law that I state. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base your verdict upon any view or opinion of the law, other than that given in my instructions – just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence received in the case.  Your deliberations in the jury room will be secret.  You will never have to explain your verdict to anyone.

2

## BURDEN OF PROOF

This is a civil case. Mr. Herbert is the party who brought this lawsuit. Police Officers Kevin Creely and Robert Scarpello are the parties against which the lawsuit was filed. Mr. Herbert has the burden of proving his case by what is called the preponderance of the evidence. That means Mr. Herbert has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mr. Herbert and the evidence favorable to the Police Officers on opposite sides of the scales, Mr. Herbert would have to make the scales tip somewhat on his side. If Mr. Herbert fails to meet this burden, the verdict must be for the Officers. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it. It is the witness' answers that are evidence. Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

4

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his or her own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## WITNESS CREDIBILITY

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. "Credibility" means whether a witness is worthy of belief. You are the sole judges of the credibility of the witnesses. You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **<u>OPINION TESTIMONY</u>**

*You have heard testimony containing opinions from* **David Craven, D.C.** *In weighing this opinion testimony, you may consider his qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of* **Dr. Craven** *should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.*

## SECTION 1983 INTRODUCTORY INSTRUCTION

In this case, Mr. Herbert is claiming that Officers Creely and Scarpello deprived him of his right under the Fourth Amendment of the United States Constitution to be free from excessive force.  Mr. Herbert is also claiming that Officers Creely and Scarpello deprived him of his rights under the First Amendment of the United States Constitution by retaliating against him in response to his use of protected speech.

Mr. Herbert is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

## SECTION 1983 – ELEMENTS OF CLAIM

Mr. Herbert must prove both of the following elements by a preponderance of the evidence:

First:  Defendants, Police Officer Creely and Police Officer Scarpello, acted under color of state law.

Second: While acting under color of state law, the Officers deprived Mr. Herbert of his federal constitutional rights.

I will now give you more details on action under color of state law, after which I will tell you the elements Mr. Herbert must prove to establish the violation of his federal constitutional rights.

11

## SECTION 1983 – ACTION UNDER COLOR OF STATE LAW

The first element of Mr. Herbert's claim is that Officer Creely and Officer Scarpello acted under color of state law.  This means that Mr. Herbert must show that the Officers were using power that they possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state.  And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

## SECTION 1983 – ACTION UNDER COLOR OF STATE LAW IS NOT IN DISPUTE

Because Officers Creely and Scarpello were officials of the city of Philadelphia at the relevant time, I instruct you that they were acting under color of state law.  In other words, this element of Mr. Herbert's claim is not in dispute, and you must find that this element has been established.

## **SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT**

I have already instructed you on the first element of Mr. Herbert's claim, which requires Mr. Herbert to prove that Officers Creely and Scarpello acted under color of state law, and which is not in dispute.

The second element of Mr. Herbert's claim is that Officers Creely and Scarpello deprived him of his federal constitutional rights under the First and Fourteenth Amendments.

## SECTION 1983 – EXCESSIVE FORCE – STOP, ARREST, OR OTHER "SEIZURE"

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested by police. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest. Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, Mr. Herbert claims that Officers Creely and Scarpello used excessive force when they arrested him. In order to establish that Officers Creely and Scarpello used excessive force, Mr. Herbert must prove both of the following by a preponderance of the evidence:

First: Officers Creely and Scarpello intentionally committed certain acts.

Second: Those acts violated Mr. Herbert's Fourth Amendment right not to be subjected to excessive force.

In determining whether Officer Creely's and/or Officer Scarpello's acts constituted excessive force, you must ask whether the amount of force they used was the amount which a reasonable officer would have used in making the arrest under similar circumstances. You should consider all the relevant facts and

circumstances leading up to the time of the arrest that Officers Creely and Scarpello reasonably believed to be true at the time of the arrest. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include:

- The severity of the crime at issue;

- Whether Mr. Herbert posed a threat to the safety of Officers Creely and Scarpello;

- The possibility that Mr. Herbert was armed;

- Whether Mr. Herbert was actively resisting arrest or attempting to evade arrest by flight;

- The duration of the Officers' action;

- The number of persons with whom the Officers had to contend; and

- Whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of the Officers' acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest. However, not every push or shove by

a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force.   The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Mr. Herbert must prove that the Officers intended to commit the acts in question; but apart from that requirement, Officer Creely's and Officer Scarpello's actual motivations are irrelevant.  If the force the Officers used was unreasonable, it does not matter whether they had good motivations.  And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether the Officers' acts were objectively reasonable in light of the facts and circumstances confronting them.

## *FIRST AMENDMENT RETALIATION*

A claim for retaliation under the First Amendment requires Mr. Herbert to prove the following three elements by a preponderance of the evidence:

First: Mr. Herbert engaged in constitutionally protected speech.

Second: Officers Creely and Scarpello responded with retaliation

Third: The protected activity caused the retaliation.

Mr. Herbert claims that he engaged in constitutionally protected speech and that the Officers retaliated against him by using excessive force during his arrest. If Mr. Herbert proves the above elements, then the Officers have the opportunity to show that they would have used force to effectuate Mr. Herbert's arrest independent of any retaliatory animus.

## COMPENSATORY DAMAGES

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Officer Creely and/or Officer Scarpello should be held liable.

If you find Officer Creely and/or Officer Scarpello liable, then you must consider the issue of compensatory damages.  You must award Mr. Herbert an amount that will fairly compensate him for any injury he actually sustained as a result of Officer Creely's conduct and/or Officer Scarpello's conduct.

Mr. Herbert must show that the injury would not have occurred without the Officers' acts. Mr. Herbert must also show that Officers' acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Officers' acts.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Mr. Herbert claims the following items of damages:

- Physical harm during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical

harm that Mr. Herbert is reasonably certain to experience in the future.  In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Mr. Herbert is reasonably certain to experience in the future.

- The reasonable value of the medical care and supplies that Mr. Herbert reasonably needed and actually obtained.

## NOMINAL DAMAGES

If you return a verdict for Mr. Herbert, but Mr. Herbert has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## PUNITIVE DAMAGES

In addition to compensatory or nominal damages, you may consider awarding Mr. Herbert punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that Officers Creely and Scarpello acted maliciously or wantonly in violating Mr. Herbert's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that one or both of the Officers acted maliciously or wantonly in violating Mr. Herbert's federal rights, then you may award punitive damages against the specific Defendant Police Officer that you found more likely than not acted maliciously or wantonly. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that one or both of the Officers acted maliciously or wantonly in violating Mr. Herbert's federal rights.

If you have found that one or both of the Officers acted maliciously or wantonly in violating Mr. Herbert's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish one or both of the Officers. You should also consider whether actual

damages standing alone are sufficient to deter or prevent one or both of the Officers from again performing any wrongful acts they may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those one or both of the Officers may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which one or both of the Officers should be punished for their wrongful conduct toward Mr. Herbert, and the degree to which an award of one sum or another will deter one or both of the Officers or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; whether the defendant acted in a deliberately deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act. You should also consider the amount of harm actually

caused by the defendant's act, [as well as the harm the defendant's act could have

caused] and the harm that could result if such acts are not deterred in the future.

## TORT CLAIMS ACT

The Political Subdivision Tort Claims Act governs when a municipality or its employees may be held liable for damages for injury to person or property. The Act grants a general blanket of immunity with eight narrowly construed exceptions. I instruct you that Officers Creely and/or Scarpello's conduct does not fall within one of the exceptions. But an employee of a municipality, such as a police officer, may be held liable where his conduct constituted a "crime, actual fraud, actual malice, or willful misconduct."

Therefore, Mr. Herbert must establish that Officer Creely and/or Officer Scarpello engaged in willful misconduct in order to prevail in his state law tort claims of assault, battery, and intentional infliction of emotional distress that I will discuss below.

"Willful misconduct" is conduct whereby the actor desired to bring about the result that followed, or at least was aware that it was substantially certain to follow.

This necessarily entails a finding of actual prior knowledge of the harm. In effect, "willful misconduct" means "willful misconduct aforethought."

Since "willful misconduct" entails actual prior knowledge of the harm, it follows that the Defendant's tortious behavior may be characterized as willful misconduct, only if he subjectively intended to do something he knows was wrong.

## STATE CLAIM – ASSAULT

An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that does, in fact, cause such fear.

To commit an assault, it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

In order for Officer Creely and/or Officer Scarpello to be held responsible for the commission of an assault against Mr. Herbert, you must find the following elements:

First, that Officer Creely and/or Officer Scarpello intended to put Mr. Herbert in reasonable and immediate fear of a harmful or offensive contact with his body; and

Second, that Mr. Herbert, as a result of Officer Creely and/or Officer Scarpello's acts, was put in reasonable and immediate fear of such contact.

27

## STATE CLAIM – BATTERY

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another and that directly results in the harmful or offensive contact with the body of another.

In order for Mr. Herbert to hold Officer Creely and/or Officer Scarpello responsible for committing a battery against him, he must prove by a preponderance of the evidence, the following two elements:

First, that Officer Creely and/or Officer Scarpello intended to cause a harmful or offensive contact with the body of Mr. Herbert or that Officer Creely and/or Officer Scarpello intended to put Mr. Herbert in reasonable and immediate fear of a harmful or offensive contact with his body, and

Second, that Officer Creely and/or Officer Scarpello's acts directly resulted in a harmful or offensive contact with Mr. Herbert's body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

## STATE CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

A person who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for any bodily harm to the other that results from the emotional distress.

In order for Mr. Herbert to hold Officer Creely and/or Officer Scarpello responsible for intentionally inflicting emotional distress upon him, he must prove by a preponderance of the evidence, the following elements:

First, Officer Creely and/or Officer Scarpello's conduct was intentional or reckless; and

Second, Officer Creely and/or Officer Scarpello's conduct was extreme and outrageous; and

Third, Officer Creely and/or Officer Scarpello's conduct caused emotional distress; and

Fourth, the resultant emotional distress was severe.

Extreme and outrageous conduct is that which goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

Emotional distress includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry.

Severe means that it is such that no reasonable person could be expected to endure it. In determining whether the emotional distress suffered by Mr. Herbert was severe, you may consider both the intensity of the distress and its duration.

## **PEACE OFFICER'S USE OF FORCE IN MAKING ARREST**

A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to make the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest.

## POLICE OFFICER'S PRIVILEGE TO USE FORCE

Police officers may assert as a defense to the tort of assault and battery, the privilege to use force necessary to make an arrest, or to defend himself or another from bodily harm while making an arrest.

"The use of force upon or toward the person of another is justifiable when the police officer believes that such force is immediately necessary to prevent such other person from . . ., inflicting serious bodily injury upon himself, . . . inflicting damage to . . . property or a breach of the peace, . . . ."

In determining the reasonableness of the force being used by a police officer, account must be taken of the fact that the other's conduct has put the police officer in a position in which he must make a rapid decision.  The test is whether a reasonable police officer in making an arrest would believe permissible and not that which, after the arrest is past, a reasonable police officer would so recognize as having been sufficient.

## CONDUCT DURING DELIBERATIONS

When you retire to the jury room to deliberate, you may take with you the exhibits that the Court has admitted into evidence. I suggest that your first order of business be to select a presiding juror to help guide your deliberations. If, during the course of deliberations, you should find yourselves in serious doubt concerning any of my legal instructions, or if some other question arises, it is your privilege to return to the courtroom for further instructions. In such an event, you must send me a note – signed by your presiding juror – through Jim. No juror should attempt to communicate with me by any means other than a signed writing, and I will not communicate with you on any subject touching the merits of the case, unless it is done in writing or orally in open court. At no time may you reveal—even to me—how the jury stands numerically until you have reached a verdict.

The decision you reach must be unanimous. You must all agree.

It is your duty, as jurors, to talk with one another and to deliberate in the jury room. Ultimately, you must each decide the case for yourself. However, by considering the evidence with other members of the jury, you should do your best to reach an agreement. When discussing the case with other jury members, do not hesitate to re-examine your own opinions or to change your mind if you are persuaded you are wrong. But you are not required to surrender your honest

convictions solely because others think differently.  In a very real sense, you are judges – judges of the facts.  Your job is to determine whether Mr. Herbert has proved his case.

Now, I want to go over the verdict sheet with you.  The verdict sheet is a formal, written notice of your decision.

**[Go through the verdict sheet]**.

When you have reached a decision, please have the presiding juror sign the verdict sheet, date it, and return it to me through Jim.

Please keep in mind that this is a serious matter.  The plaintiff, the defendants, and I rely upon you to give full and conscientious consideration to the issues and evidence before you.  You should not allow sympathy or prejudice to influence your deliberations.  You should not be influenced by anything other than the law and the evidence in the case.

Thank you for your attention.  You are now excused to begin your deliberations.